UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

| | |
|---|---|
| WINSTON BRAITHWAITE, | Index No.: <br> Date Purchased: |
| *Plaintiff(s)*, | |
| -against- | **SUMMONS** |
| | Plaintiff designates |
| THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and JOHN DOE OFFICERS, | EASTERN DISTRICT OF NEW YORK as the place of trial |
| *Defendant(s).* | The basis of venue is Federal Question |

---------------------------------------------------------------------X

To the above-named Defendant:

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

JURY TRIAL DEMANDED

DATED:    New York, New York
               January 28, 2025

                                                                          Yours, etc.,

                                                                        *Kurt Robertson*
                                                                     Kurt Robertson, Esq.
                                                                     ***Robertson & Associates***
                                                                     *Attorneys for Plaintiff(s)*
                                                                     200 Vesey Street, 24th Floor
                                                                     New York, NY 10281
                                                                     (929) 438-5878

TO:

Corporation Counsel
The City of New York
100 Church Street
New York, NY 10005

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WINSTON BRAITHWAITE,

                    *Plaintiff(s)*,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and JOHN DOE
OFFICERS,

                    *Defendant(s)*.
------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

DOCKET NUMBER

Plaintiff, WINSTON BRAITHWAITE, by his Attorneys ROBERTSON & ASSOCIATES, as and for his complaint, set forth upon information and belief, and at all times hereinafter that:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution of the United States of America.

2. Plaintiff also brings this action pursuant to New York State Law.

**JURISDICTION**

3. This is a civil right action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff also brings this action pursuant to New York State Law.

5. This Court has jurisdiction over each of the state law claims as well as the federal claims pursuant to concurrent jurisdiction.

6. The claims arise from an October 25, 2024, incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest and false imprisonment.

7. Plaintiff seeks monetary damages (special, compensatory, and punitive) against the defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

8. This action is brought pursuant to 28 U.S.C. §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

9. The amount in controversy exceeds $75,000,00 excluding interest and cost.

**VENUE**

10. Venue is laid within the United States District Court for the Eastern District of New York in that defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

**PARTIES**

11. Plaintiff WINSTON BRAITHWAITE is a legal resident of United States and at all times here relevant resided in Kings County, City and State of New York.

12. The City of New York (or "The City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment,

4

training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

13. John Doe Officers were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, the officers were plaintiff's "arresting officer" and were under the command of the 63rd Precinct of the NYPD.

14. All individual defendants ("the officers"), including JOHN DOE OFFICERS, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

15. At all times here mentioned defendants were acting under the color of State law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

16. Within 90 days of the incident, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

17. This action was commended within one year and ninety days of October 25, 2024, the date of the incident herein.

## THE FACTS

18. On or about October 25, 2024, Plaintiff was lawfully on the sidewalk near the intersection of Kings Highway and Preston Court, Brooklyn, New York 11234.

19. Plaintiff was stopped by NYPD John Doe Officers operating under the command of the 63rd Precinct.

20. John Doe Officers effectuated an arrest of Plaintiff.

21. Plaintiff was charged with violating PL §195.05(1), PL §205.30, and AC §10-125(b).

22. Plaintiff was charged with obstructing government administration, resisting arrest and consumption of alcohol on streets.

23. Despite requesting John Doe Officers for the justification behind the unlawful stop and search, Plaintiff was remanded to police custody but not before having been subjected to excessive force.

24. As a result of Defendant's above-described actions, Plaintiff has suffered and continues suffer harm and damage including but not limited to denial of his individual and constitutionally guaranteed liberties, mental distress, embarrassment and humiliation, harm to his reputation, loss of liberty, and other damages in an amount to be determined.

**FIRST CLAIM FOR RELIEF**
**FALSE ARREST AND EXCESSIVE FORCE UNDER 42 U.S.C. §1983**
(Against the individual defendants)

25. Plaintiff WINSTON BRAITHWAITE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and length.

26. As a result of the defendant's conduct, Plaintiff was subjected to illegal, improper and false arrest, excessive force, taken into custody, and caused to be falsely imprisoned, detained, injured,

and confined without any probable cause, privilege, or consent.

27. As a result of the foregoing, Plaintiff's liberty was restricted and he was put in fear for his safety, he was injured and endured pain, without probable cause.

**SECOND CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

(Against the individual defendants)

28. Plaintiff, WINSTON BRAITHWAITE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and length.

29. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

30. Defendants did not make a complete and full statement of facts to the District Attorney.

31. Defendants withheld exculpatory evidence from the District Attorney.

32. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

33. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

34. Defendants acted with malice in initiating criminal proceedings against plaintiff.

35. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

36. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

37. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

38. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff's favor when the charges were dismissed.

39. As a result of the foregoing, Plaintiff's liberty was restricted and he was put in fear for his safety and liberty without probable cause.

**THIRD CLAIM FOR RELIEF**
**MUCIPAL LIABILITY UNDER 42 U.S.C. §1983**

40. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. The NYPD Defendants arrested, searched, and incarcerated plaintiff WINSTON BRAITHWAITE, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, all under the supervision of ranking officers of said department.

44. Those customs, policies, patterns, and practices include, but are not limited to:

   I. Requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   II. Requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   III. Failing to take any measures to correct unconstitutional behavior when brought to

> the attention of supervisors and/or policy makers;

> IV. Failing to properly train police officers in the requirements of the United States Constitution;

45. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT directly cause, *inter alia,* the following unconstitutional practices:

> I. Arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

> II. Arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

> III. Falsifying evidence and testimony to support those arrests;

> IV. Falsifying evidence and testimony to cover up police misconduct;

46. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff WINSTON BRAITHWAITE.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and THE NEW YORK POLICE DEPARTMENT were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48. The foregoing customs, polices, usages, practices, procedures and rules of THE CITY OF NEW YORK and THE NEW YORK POLICE DEPARTMENT were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49. As a result of the foregoing customs, policies, usages, practices, procedures and rules of

THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, Plaintiff was searched and place under arrest unlawfully.

50. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating the constitutional right of plaintiff.

51. Defendants, collectively and individually, while acting under the color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiff of federally protected Constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## FOURTH CLAIM FOR RELIEF
**LIABILITY AGAINST THE CITY OF NEW YORK FOR MALICIOUS PROCECUTION AND FABRICTION OF EVIDENCE PURSUANT TO RESPONDEAT SUPERIOR**

53. Plaintiff, WINSTON BRAITHWAITE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth and at length.

54. Pursuant state law and state claim jurisdiction, the defendant CITY OF NEW YORK is responsible for the actions and conduct of its defendant's officers, as employees and agents of THE CITY OF NEW YORK, pursuant to the doctrine of *respondeat superior*.

55. Plaintiff, WINSTON BRAITHWAITE, suffered injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against defendant on each and every and all causes of action, and damages in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter and is within this Court's jurisdiction

together with the costs, disbursements, attorney's fees and interest on all of the above, together with such other and further relief that this Honorable Court deems just, proper and equitable.

Dated: New York, New York
       January 28, 2025

                                            ___*Kurt Robertson*___
                                            Kurt Robertson, Esq.
                                            **Robertson & Associates**
                                            *Attorneys for Plaintiff(s)*
                                            200 Vesey Street, 24th Floor
                                            New York, NY 10281
                                            (929) 438-5878

## ATTORNEY VERIFICATION

Kurt Robertson, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is an associate attorney with ROBERTSON & ASSOCIATES, the attorneys for the plaintiff in the above entitled action. That he has read the foregoing SUMMONS and COMPLAINT AND JURY DEMAND and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff is that the plaintiff herein resides in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED: New York, New York
        January 28, 2025

        *Kurt Robertson*
Kurt Robertson, Esq.
**Robertson & Associates**
*Attorneys for Plaintiff(s)*
200 Vesey Street, 24th Floor
New York, NY 10281
(929) 438-5878

Index No.:

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
================================================

WINSTON BRAITHWAITE,

*Plaintiff(s)*,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and JOHN DOE
OFFICERS,

*Defendant(s)*.
================================================

**SUMMONS and COMPLAINT AND JURY DEMAND**
================================================

**ROBERTSON & ASSOCIATES**
*Attorneys for*: Plaintiff(s)
*Office and Post Office Address, Telephone*
200 Vesey Street, 24th Floor,
New York, NY 10281
(929) 438-5878
================================================

To
Attorney(s) for
================================================

Service of a copy of the within is hereby admitted.
Dated,

_____

Attorney(s) for
================================================

PLEASE TAKE NOTICE:

☐ <u>NOTICE OF ENTRY</u>

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on
20

☐ <u>NOTICE OF SETTLEMENT</u>

that an order                                             of which the within is a true
copy
will be presented for settlement to the HON.                         One of the
judges of the within named Court, at on
at                    M.
Dated,
Yours, etc.
**ROBERTSON & ASSOCIATES.**
================================================